UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN R. SAUCEDO, JR., | No. C 13-1696 SI (pr) |
| Petitioner, | **ORDER TO STAY AND ADMINISTRATIVELY CLOSE CASE** |
| v. | |
| P. D. BRAZELTON, warden, | |
| Respondent. | |

## INTRODUCTION

Steven R. Saucedo filed this action pursuant to 28 U.S.C. § 2254 to challenge his Santa Clara County Superior Court conviction. Respondent filed an answer to the petition and asserted that state judicial remedies had not been exhausted for one of petitioner's claims, i.e., the claim that petitioner received ineffective assistance of counsel. Petitioner then filed a traverse as well as a motion for a stay and abeyance of these proceedings so that he could exhaust his ineffective assistance of counsel claim. Respondent did not oppose the motion for a stay and abeyance.

## DISCUSSION

Prisoners in state custody who wish to challenge collaterally in federal habeas proceedings either the fact or length of their confinement are required first to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c). A petition that contains both exhausted and unexhausted claims is a "mixed" petition. *See Rhines v. Weber*, 544 U.S. 269,

277 (2005).  The court cannot adjudicate the merits of a habeas petition containing any claim as to which state remedies have not been exhausted, such as a mixed petition.  *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *cf.* 28 U.S.C. § 2254(b)(2) (petition may be denied (but not granted) notwithstanding failure to exhaust).

Petitioner has moved for a stay and abeyance so that he may exhaust state court remedies as to the ineffective assistance of counsel claim, which he concedes is unexhausted.   He can obtain a stay only if the claims are not meritless, there are no intentionally dilatory litigation tactics by the petitioner, and the "district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court.".  *See Rhines*, 544 U.S. at  277-78.  The first two requirements are easily met here: petitioner's unexhausted claim does not appear to be meritless and he has not engaged in dilatory tactics.  The third *Rhine* requirement presents a closer call.

In an effort to show good cause for his failure to exhaust, petitioner has offered two reasons.  First, he has alleged that trial counsel failed to provide to him certain materials from his case despite his requests for those materials.  Although petitioner has not demonstrated that trial counsel actually has the materials that he thinks she has not turned over to him, he arguably may have been laboring under that impression until as late as November 8, 2012, when trial counsel sent him case materials with a cover letter that stated the enclosure was "a copy of the entirety of [his] trial file." Docket # 8 at 22.  By that time, only about five months remained in petitioner's one-year AEDPA limitations period.  Second, petitioner became separated from his legal papers starting on about February 28, 2013, when his inmate helper who was in  possession of petitioner's legal papers was put in administrative segregation and prison officials would not deliver petitioner's papers to petitioner.  When petitioner became separated from his legal papers, less than two months remained before his AEDPA habeas deadline.  He has stated that he did not receive those papers by the time his AEDPA habeas deadline arrived.  The fact that he was unable to access his paperwork during the months leading up to the deadline to file the federal petition helps provide good cause for his failure to first exhaust state court remedies, even

though the regulation he has cited, 15 Cal. Code Regs. § 3191, does not provide authority for his contention that prison officials had a legal obligation to sort through the other inmate's property to find paperwork related to petitioner's case. The combination of these two circumstances provide good cause to excuse petitioner's failure to exhaust state court remedies before he filed his federal petition containing the unexhausted claim. He therefore is entitled to a *Rhines* stay.

## CONCLUSION

Petitioner's motion for a stay and abeyance is GRANTED. (Docket # 8.) This action is now STAYED and the clerk shall ADMINISTRATIVELY CLOSE the action. Nothing further will take place in this action until petitioner exhausts any unexhausted claims and, within thirty days of doing so, moves to reopen this action, lift the court's stay and amend his petition to add any new claims. Petitioner must act diligently to get his state court petition filed and promptly return to federal court after his state court proceedings have concluded.

Petitioner's motion for an extension of time to file his traverse is GRANTED. (Docket # 7.) The traverse (Docket # 10) is deemed to have been timely filed.

IT IS SO ORDERED.

DATED: October 23, 2013

_____
SUSAN ILLSTON
United States District Judge

3