UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN R. SAUCEDO,<br><br>   Petitioner,<br><br>   v.<br><br>P. D. BRAZELTON,<br><br>   Respondent. | Case No. 13-cv-01696-SI<br><br>**ORDER DENYING MOTION FOR DISCOVERY**<br><br>Re: Dkt. 20 |

Steven R. Saucedo ("petitioner") has filed this *pro se* action seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This order addresses petitioner's motion to conduct discovery. For the reasons discussed below, the motion will be denied.

**BACKGROUND**

Petitioner was convicted of first degree burglary, assault with a deadly weapon or by means of force likely to produce great bodily injury, and assault with a deadly weapon. *People v. Saucedo*, No. H035471, 2011 WL 5356796, at *1 (Cal. Ct. App. Nov. 8, 2011). He was sentenced to 19 years in prison. *Id.* The convictions stem from a fight in which petitioner, Dustin Martell and Samuel Palacios ("Samuel") fought with Mauricio Ortiz ("Mauricio"), and Mauricio was stabbed. There was disagreement as to who had stabbed the victim. *Id.* at 4. A joint trial was held for petitioner, Martell and Samuel. After Samuel presented his defense, but before petitioner presented his defense at trial, Martell pleaded no contest to misdemeanor assault and Samuel pleaded no contest to assault by means of force likely to produce great bodily injury. *Id.* at 6-7.

In this action for writ of habeas corpus, petitioner alleges the following claims: (1) trial counsel provided ineffective assistance in that she (a) failed to move to sever petitioner's case from that of his codefendants and (b) failed to investigate; (2) trial counsel provided ineffective assistance in failing to properly and timely move to reopen the case; and (3) the trial court's denial of petitioner's motion to reopen the case violated petitioner's right to present a defense. *See* Dkt. 13.

Petitioner now moves for an order permitting him to conduct discovery of recordings of jailhouse phone calls between Valerie Palacios ("Valerie"), Samuel and Martell. Dkt. 20. Petitioner wants this Court to order either respondent, petitioner's former trial attorney, or a state agency to transcribe and produce to petitioner a copy of the transcripts of such calls. He urges that the transcripts are important to his ineffective assistance of counsel claims because, "if they show his co-defendants and Miss Palacios accepting responsibility of the crime then it would have been absolutely absured [sic] for trial counsel not to listen to these recordings and use them in petitioner's defense." Dkt. 20 at 2.

Respondent's counsel declares that she contacted the prosecutor and the attorney who represented petitioner at trial. "Both attorneys state that there is an audio CD of the jail house recordings. However, a single CD contains in excess of 90 jail house phone calls made by various individuals involved in the case. The 91 tracks are neither labeled nor dated." Dkt. 28 at 8-9. There is no transcript of any of the jail house recordings. *Id.* at 8.

**DISCUSSION**

Unlike an ordinary civil litigant, a habeas petitioner must obtain court permission before he may conduct any discovery. Discovery may be taken only to the extent that the court, in the exercise of its discretion and for good cause shown, allows it. *See* Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254. Good cause for discovery under Rule 6(a) is shown "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief . . ." *See Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997) (citation

omitted); *Pham v. Terhune*, 400 F.3d 740, 743 (9th Cir. 2005). In *Bracy,* the Court granted the petitioner's discovery request to allow him to find evidence to prove that his criminal trial judge was biased. *Bracy*, 520 U.S. at 909. The Court stated that normally, it would assume a judge was properly conducting his duty and deny discovery on account of it being too speculative. *Id.* Yet, the Court emphasized that because petitioner supported his discovery request by pointing to relevant facts (i.e. that the judge had been convicted of taking bribes in criminal cases and of fixing a murder case), and to additional evidence that supported his claim, these "specific allegations" showed good cause and the Court granted discovery. *Id.*

A "petitioner's factual allegations must be specific, as opposed to merely speculative or conclusory, to justify discovery under Rule 6." *Murphy v. Johnson*, 205 F.3d 809, 813-814 (5th Cir. 2000). The court in *Murphy* also pointed out that "[t]he Supreme Court noted that Bracy's claims were framed in specific terms and were supported by objective, concrete factual evidence tending to support his theory." *Id.* at 814. Other circuits also have held that discovery requests cannot be based on "mere speculation" or "pure hypothesis." *Arthur v. Allen*, 459 F.3d 1310, 1311 (11th Cir. 2006); *see also Williams v. Beard*, 637 F.3d 195, 210-11 (3d Cir. 2011) ("Ultimately, Williams' request amounts to an entreaty to engage in a fishing expedition. The law is clear, however, that such speculative discovery requests should be rejected."). Habeas was "never meant to be a fishing expedition for habeas petitioners to 'explore their case in search of its existence.'" *Rich v. Calderon*, 187 F.3d 1064, 1067 (9th Cir. 1999) (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

Petitioner has not shown good cause for discovery. First, it is no more than pure speculation that the jailhouse recordings will enable petitioner to establish the prejudice prong of his claim that counsel was ineffective in not investigating his case. *See Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). Petitioner suggests that the recordings between Valerie, Samuel, and Martell include information about "the fact that Valerie Palacios was part of the assault and about acceptance of responsibility by the three." Dkt. 20 at 2; *see also* Dkt. 30 at 2-3. Petitioner's suggestion is based on his misreading of what his attorney said at trial. His attorney stated that Valerie had "given some conflicting statements. Apparently there's numerous jail recordings. I

3

haven't listened to them personally, but I have some awareness of her conversation she had with both Mr. Palacios and Mr. Martell about acceptance of responsibility or nonacceptance of responsibility." RT 949. Petitioner overstates the possible exculpatory content of these recordings; counsel did not state that Valerie was part of the assault or that any person implicated someone other than petitioner as the person who stabbed the victim.

The low value of the jailhouse recordings was noted by the California Court of Appeal when it rejected a claim that the trial court should have allowed petitioner to reopen his case to "call Valerie as a percipient witness" so that she could be questioned "about 'numerous jail recordings' of conversations she had with Samuel and Martell 'about acceptance of responsibility or nonacceptance of responsibility.'" *Saucedo,* 2011 WL 5356796, at \*11. "Since Samuel's and Martell's credibility had already been impeached, we do not think Valerie's testimony would have added anything to [petitioner's] case." *Id.* Also, to the extent petitioner wanted to use the jailhouse recordings to question Valerie about her role in precipitating the fight by accusing the victim of misconduct, the trial court had given a preliminary indication that petitioner (rather than Valerie) would have to testify as to what prompted him to go to the victim. *Id.* at \*11 & n.8.

Second, good cause for discovery has not been shown because the claim for which discovery is sought is an unexhausted claim. The right to federal discovery "presupposes the presentation of an unexhausted [sic: exhausted][1] federal claim, because a federal habeas petitioner is required to exhaust available state remedies as to each of the grounds raised in the petition." *Calderon v. District Court (Nicolaus)*, 98 F.3d 1102, 1106 (9th Cir. 1996) (bracketed material and footnote added); *see also Calderon v. District Court (Roberts)*, 113 F.3d 149 (9th Cir. 1997) (discovery is inappropriate where the federal habeas petition contains unexhausted claims).

In order to satisfy the exhaustion requirement, state prisoners must give state courts a "full and fair opportunity" to resolve federal constitutional claims before those claims are presented to

---

[1] The word "unexhausted" "appears to be a typographical error in the published opinion," since "[t]he tenor of the passage, and its context, reflect that the court meant to highlight the importance of the exhaustion requirement. It appears that the court of appeals must have meant to express that any right to federal discovery presupposes the presentation of an *exhausted* federal claim." *Sherman v. McDaniel*, 333 F. Supp. 2d 960, 968 n.4 (D. Nev. 2004)

federal courts. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). Petitioner did not exhaust state court remedies for his claim that counsel was ineffective in failing to investigate the jailhouse recordings. Dkt. 23-6 at 8-10. This Court has compared the habeas petition in the California Supreme Court with the federal habeas petition to determine whether all the claims in the latter were included in the former. They were not. Petitioner concludes that he has exhausted the failure to investigate claim because he presented it as a "sub-claim" with other ineffective assistance of counsel claims "to all three state courts in his petition for writ of habeas corpus." Dkt. 30. Petitioner did mention the jailhouse recordings in his habeas petition in the California Supreme Court, but that was not sufficient to exhaust a claim that counsel was ineffective for failing to investigate because that was not the claim being asserted. Dkt. 23-6 ¶¶ 34, 41. Petitioner's mention of the recordings is not in the context of a failure to investigate. *Id.* at ¶¶ 41, 47. Rather, the recordings are mentioned in a discussion of the inadequacy of counsel's choice to pursue a joint defense strategy and in a discussion of counsel's ineffectiveness in failing to move to sever the trials. *Id.* Petitioner did not exhaust a claim that his counsel was ineffective in failing to investigate the jailhouse recordings.[2]

Third, there is the impediment posed by § 2254(d)(1) for claims that were adjudicated in state court. A district court may grant a petition challenging a state conviction or sentence on the basis of a claim that was "adjudicated on the merits" in state court only if the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Section 2254(d)(1) applies to petitioner's exhausted claims. In reviewing the reasonableness of a state court's decision to which § 2254(d)(1) applies, a district court may rely only on the record that was before the state court. *See Cullen v. Pinholster*, 131 S. Ct. 1388, 1398, 1400 (2011); *see*

---

[2] The claims petitioner did exhaust were the ineffective assistance of counsel claim based on counsel's failure to move to reopen the case, and failure to sever the case. Petitioner has not shown that the discovery he seeks has any bearing on those exhausted claims.

1  *also Runningeagle v. Ryan*, 686 F.3d 758, 767 n.2 (9th Cir. 2012); *id.* at 773 ("Regardless of whether Runningeagle acted diligently, however, or of whether he was entitled to a hearing in state court, he is not entitled to an evidentiary hearing or additional discovery in federal court because his claim is governed by 28 U.S.C. § 2254(d)(1). As the Supreme Court has recently held, review of such claims 'is limited to the record that was before the state court that adjudicated the claim on the merits.' *Pinholster*, 131 S. Ct. at 1398."). Petitioner erroneously argues that *Cullen v. Pinholster* does not apply because his claims were not adjudicated on the merits in state court. *See* Dkt. 30 at 5. Petitioner is wrong on the facts: his exhausted ineffective-assistance-of-counsel claims were decided on the merits. *See* Dkt. 30-2, 30-3, 30-4. The state court did not impose a procedural bar and did not have to cite and discuss *Strickland* or any other federal case for the decision to be a decision on the merits. *See Harrington v. Richter*, 131 S. Ct. 770, 784-85 (2011).

Fourth, § 2254(e) dramatically limits the power of a federal court to accept new evidence from a habeas petitioner. A district court may not hold an evidentiary hearing on a claim for which the petitioner failed to develop a factual basis in state court unless the petitioner shows that: (1) the claim relies either on (a) a new rule of constitutional law that the Supreme Court has made retroactive to cases on collateral review, or (b) a factual predicate that could not have been previously discovered through the exercise of due diligence, and (2) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. 28 U.S.C. § 2254(e)(2). Petitioner has not satisfied § 2254(e)(2)'s very demanding requirements.

Fifth, petitioner gives scant attention to the fact that there is no transcription of the jailhouse recordings. He views the absence of a transcription as "inconsequential" because he wants the Court to order them transcribed. Dkt. 30 at 9. Petitioner has provided no authority for his view that respondent (or someone other than petitioner) should bear the cost of transcribing the recordings. Federal Rule of Civil Procedure 34 permits a party to request production of "any designated documents or electronically stored information—including . . . sound recordings . . . — stored in any medium from which information can be obtained either directly or, if necessary, after

translation by the responding party into a reasonably usable form." Fed. R. Civ. P. 34(a)(1)(A). If discovery were permitted, neither a transcription nor the provision of a CD player would be required because, absent some very unusual sort of recording technique, CD recordings are commonplace and already in a reasonably usable form. The fact that the requesting party is in prison and may not be able to possess a CD would require him, rather than the responding party, to convert a commonplace form of recording into a form he could use. "[E]ach party seeking discovery is expected to bear any special attendant costs." *Cf. In re Puerto Rico Elec. Power Authority*, 687 F.2d 501, 509 (1st Cir. 1982) (district court erred in requiring producing party to translate the foreign-language documents it was producing); *Doe v. District of Columbia*, 231 F.R.D. 27, 35-36 (D. D.C. 2005) (producing plaintiff did not need to label the documents to match categories set forth in the discovery requests; "[a]s long as plaintiff produced the documents 'as they are kept in the usual course of business,' he was in compliance with the discovery rules"). It would pose an undue burden on respondent (or petitioner's former trial counsel) to have to prepare a transcript of the CD. Shifting the burden to respondent (or petitioner's former trial counsel) is particularly undesirable because petitioner does not know which of the 90+ recorded conversations might have information in which he is interested.

Finally, the Court notes that petitioner did not file his discovery motion in a timely manner. The discovery motion was not filed until two years after this action was filed. And the discovery motion was not filed until *after* the action had been stayed and the petition held in abeyance so that petitioner could return to state court to exhaust state court remedies (during which time he neglected to exhaust state court remedies for his claim that counsel was ineffective in failing to investigate the jailhouse recordings). The existence of the tape recordings has been known to petitioner for years. The discovery motion—filed just two weeks before his traverse was filed— was inexplicably late and that weighs against granting it.

## CONCLUSION

For the foregoing reasons, the motion for discovery is DENIED. Dkt. 20. The first amended petition for writ of habeas corpus has been fully briefed and will be decided in due

course.  Petitioner's motion for an extension of the deadline to file a reply is GRANTED.  Dkt. 29.  The reply filed on July 9, 2015 is deemed to have been timely filed.

**IT IS SO ORDERED.**

Dated: July 21, 2015

SUSAN ILLSTON
United States District Judge